**FILED**

MAR 2 9 2018

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF MO**
**ST. LOUIS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **4:18CR00274 ERW/PLC** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL RICHARDSON, a/k/a "Mike" | ) | Counts One, Two, Four, and Five |
| WILLIAM PEARSON, a/k/a "BB" | ) | Counts One, Two, Four, and Twelve |
| NICHOLAS MITCHELL, a/k/a "Nick" | ) | Counts One, Four, and Thirteen |
| BRIAN OLSON, a/k/a "Postman" | ) | Count One |
| DONALD BAMBENEK, | ) | Counts One, Three, Four, Fourteen, Sixteen |
| JOI RICHARDSON, | ) | Counts Three, Four, Five, and Six |
| KELLEY PEARSON, | ) | Counts Three, Four, Seven, Eighteen |
| BRADLEY CLINE, | ) | Count One |
| MICHAEL NELSON, a/k/a "MK" | ) | Counts One, Two, Eight, and Nine |
| DAMON ABSHEER, | ) | Counts One and Two |
| AUSTIN ALBRIGHT, | ) | Counts One and Two |
| LAMOND JOHNSON, | ) | Count Two |
| HORACE COLEMAN, | ) | Counts One and Two |
| BENJAMIN TETTINGER, | ) | Counts One, Two, Ten, and Eleven |
| BRANDON STEPHENS, | ) | Count One |
| KEVIN HIBBLER, | ) | Count One |
| DAWN JOHLER, | ) | Counts Three and Four |
| CHANCELLOR WILEY, | ) | Counts Five and Seventeen |
| ANDRE CURRY, | ) | Counts Three and Four |
| MARK CARTER, and | ) | Counts Three, Four, and Fifteen |
| DANIELLE CARTER, a/k/a "Dani" | ) | Counts One and Four |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

## COUNT ONE
### (21 U.S.C. § 846 - Marijuana)

The Grand Jury charges that:

1.      Beginning at a time unknown, but including February 2013 and continuing

thereafter to the date of this Indictment, in the Eastern District of Missouri, the Northern District

of California, the Central District of California, the Southern District of Illinois, the District of

Nevada, the Eastern District of North Carolina, and elsewhere, the defendants

**MICHAEL RICHARDSON, a/k/a "Mike"**
**WILLIAM PEARSON, a/k/a "BB"**
**NICHOLAS MITCHELL, a/k/a "Nick"**
**BRIAN OLSON, a/k/a "Postman"**
**DONALD BAMBENEK,**
**BRADLEY CLINE,**
**MICHAEL NELSON, a/k/a "MK"**
**DAMON ABSHEER,**
**AUSTIN ALBRIGHT,**
**BENJAMIN TETTINGER,**
**HORACE COLEMAN,**
**BRANDON STEPHENS,**
**KEVIN HIBBLER, and**
**DANIELLE CARTER, a/k/a "Dani"**

did knowingly and willfully conspire, combine, confederate and agree with each other, and with

other persons known and unknown to this Grand Jury, to commit offenses against the United

States, to wit: to distribute and possess with intent to distribute marijuana, a Schedule I

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

<u>Quantity of Marijuana Involved in the Conspiracy</u>

2.     With respect to **MICHAEL RICHARDSON**, the amount of marijuana involved

in the conspiracy attributable to him as a result of his own conduct, and the conduct of other

conspirators reasonably foreseeable to him, is 1000 kilograms or more, punishable under Title

21, United States Code, Section 841(b)(1)(A).

3.     With respect to **WILLIAM PEARSON**, the amount of marijuana involved in the

conspiracy attributable to him as a result of his own conduct, and the conduct of other

conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21,

United States Code, Section 841(b)(1)(B).

4.      With respect to **NICHOLAS MITCHELL**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms or more and 1000 plants or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

5.      With respect to **BRIAN OLSON**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms and 1000 plants or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

6.      With respect to **DONALD BAMBENEK**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms and 100 plants or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

7.      With respect to **BRADLEY CLINE**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 kilograms or less, punishable under Title 21, United States Code, Section 841(b)(1)(D).

8.      With respect to **MICHAEL NELSON**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

9.      With respect to **DAMON ABSHEER**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other

3

conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

10. With respect to **AUSTIN ALBRIGHT**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

11. With respect to **BENJAMIN TETTINGER**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

12. With respect to **HORACE COLEMAN**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

13. With respect to **BRANDON STEPHENS**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

14. With respect to **KEVIN HIBBLER**, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

15.     With respect to **DANIELLE CARTER**, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 50 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(C).

**COUNT TWO**
**(21 U.S.C. § 846 - Cocaine)**

The Grand Jury further charges that:

16.     Beginning at a time unknown, but including February 2013 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri, and elsewhere, the defendants

**MICHAEL RICHARDSON, a/k/a "Mike"**
**WILLIAM PEARSON, a/k/a "BB"**
**MICHAEL NELSON, a/k/a "MK"**
**DAMON ABSHEER,**
**AUSTIN ALBRIGHT,**
**BENJAMIN TETTINGER,**
**HORACE COLEMAN, and**
**LAMOND JOHNSON,**

did knowingly and willfully conspire, combine, confederate and agree with each other, and with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(l).

All in violation of Title 21, United States Code, Section 846.

Quantity of Cocaine Involved in the Conspiracy

17.     With respect to **MICHAEL RICHARDSON**, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other

5

conspirators reasonably foreseeable to him, is 5 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

18.     With respect to **WILLIAM PEARSON**, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

19.     With respect to **MICHAEL NELSON**, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

20.     With respect to **DAMON ABSHEER**, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

21.     With respect to **AUSTIN ALBRIGHT**, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

22.     With respect to **BENJAMIN TETTINGER**, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

23.     With respect to **HORACE COLEMAN**, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

24.     With respect to **LAMOND JOHNSON**, the amount of cocaine involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or less, punishable under Title 21, United States Code, Section 841(b)(1)(C).

**COUNT THREE**
**(18 U.S.C. § 1956)**

The Grand Jury further charges that:

25.     Beginning at a time unknown, but including February 2013 and continuing thereafter to the date of this Indictment, the Eastern District of Missouri and the Eastern District of North Carolina, the Central District of California, the Northern District of California, the District of Nevada, and elsewhere, the defendants

**DONALD BAMBANEK,**
**JOI RICHARDSON,**
**KELLEY PEARSON,**
**DAWN JOHLER,**
**ANDRE CURRY, and**
**MARK CARTER,**

did knowingly combine, conspire, and agree with each other, with MICHAEL RICHARDSON, NICHOLAS MITCHELL, and WILLIAM PEARSON, and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, to distribute and

possess with intent to distribute controlled substances to include marijuana, a Schedule I

controlled substance, and cocaine, a Schedule II controlled substance, with the intent to promote

the carrying on of the specified unlawful activity; and that while conducting and attempting to

conduct such financial transactions, the defendants knew that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity, in violation of Title 18,

United States Code, Section 1956(a)(1)(A)(i).

All in violation of in violation of Title 18, United States Code, Section 1956(h).

## **COUNT FOUR**
### **(18 U.S.C. § 1956)**

The Grand Jury further charges that:

26.      Beginning at a time unknown, but including February 2013 and continuing

thereafter to the date of this Indictment, in the Eastern District of Missouri, the Central District of

California, and the Northern District of California, and elsewhere,

**MICHAEL RICHARDSON, a/k/a "Mike"**
**WILLIAM PEARSON, a/k/a "BB"**
**NICHOLAS MITCHELL, a/k/a "Nick"**
**DONALD BAMBENEK,**
**JOI RICHARDSON,**
**KELLEY PEARSON,**
**DAWN JOHLER,**
**ANDRE CURRY,**
**MARK CARTER, and**
**DANIELLE CARTER, a/k/a "Dani"**

the defendants herein, did knowingly combine, conspire, and agree with each other, and with other

persons known and unknown to the Grand Jury to commit offenses against the United States, to

wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate or

foreign commerce designed in whole or in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of specified unlawful activity, which transactions involved

the proceeds of specified unlawful activity, that is, to distribute and possess with intent to

distribute controlled substances to include marijuana, a Schedule I controlled substance, and

cocaine, a Schedule II controlled substance; and that while conducting and attempting to conduct

such financial transactions, the defendants knew that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity, in violation of Title 18,

United States Code, Section 1956(a)(1)(B)(i).

All in violation of in violation of Title 18, United States Code, Section 1956(h).

## COUNT FIVE
### (18 U.S.C. § 1957)

The Grand Jury further charges that:

27.     On or about June 16, 2017, in the Eastern District of Missouri, the defendant,

### MICHAEL RICHARDSON,
### JOI RICHARDSON, and
### CHANCELLOR WILEY

did knowingly engage, attempt to engage, and aided and abetted each other and others in engaging

in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign

commerce, that is, the purchase of 3965 Woodcrest Drive, Florissant, Missouri 63033, in

criminally derived property of a value greater than $10,000, such property having been derived

from a specified unlawful activity, to wit: wire fraud and to distribute and possess with intent to

distribute controlled substances to include marijuana, a Schedule I controlled substance, cocaine,

a Schedule II controlled substance, in violation of Title 18, United States Code, Sections 1957 and

2.

## COUNT SIX
### (18 U.S.C. § 1957)

The Grand Jury further charges that:

28.     On or about October 23, 2015, in the Eastern District of Missouri, the defendant,

**JOI RICHARDSON**

did knowingly engage, attempt to engage, and aided and abetted others in engaging in a monetary

transaction by, through, or to a financial institution, affecting interstate or foreign commerce, that

is, the purchase of 9422 Altonwood Drive, St. Louis, MO 63136, in criminally derived property of

a value greater than $10,000, such property having been derived from a specified unlawful

activity, to wit: to distribute and possess with intent to distribute controlled substances to include

marijuana, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in

violation of Title 18, United States Code, Sections 1957 and 2.

**COUNT SEVEN**
**(18 U.S.C. § 1957)**

The Grand Jury further charges that:

29.     On or about January 10, 2014, in the Eastern District of Missouri, the defendant

**KELLEY PEARSON**

did knowingly engage, attempt to engage, and aided and abetted others in engaging in a monetary

transaction by, through, or to a financial institution, affecting interstate or foreign commerce, that

is, the purchase of a 2010 Audi Q5 SUV, VIN #WA1LKAFP2AA086872, in criminally derived

property of a value greater than $10,000, such property having been derived from a specified

unlawful activity, to wit: to distribute and possess with intent to distribute controlled substances

to include marijuana, a Schedule I controlled substance, and cocaine, a Schedule II controlled

substance, in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT EIGHT
### (18 U.S.C. § 924(c))

The Grand Jury further charges that:

30.     On or about May 19, 2017, within the Eastern District of Missouri, the defendant,

### MICHAEL NELSON, a/k/a "MK"

did knowingly possess the following firearms: a Lorcin .22 caliber handgun bearing serial number

088524, Ruger SR40C .40 caliber handgun bearing serial number 34528727, a Sig Sauer .45

caliber handgun bearing serial number EAK105492, and a Glock 23 .40 caliber handgun bearing

serial number SMP274, in furtherance of a drug trafficking crime for which he may be prosecuted

in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute

marijuana, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1) and 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT NINE
### (18 U.S.C. § 922(g)(1))

The Grand Jury further charges that:

31.     On or about May 19, 2017, in the Eastern District of Missouri, the defendant

### MICHAEL NELSON, a/k/a "MK"

having been previously convicted of a felony crime punishable by a term of imprisonment

exceeding one year under the laws of the State of Missouri and the United States of America, did

knowingly possess a firearm, that is a Lorcin .22 caliber handgun bearing serial number 088524,

Ruger SR40C .40 caliber handgun bearing serial number 34528727, a Sig Sauer .45 caliber

handgun bearing serial number EAK105492, and a Glock 23 .40 caliber handgun bearing serial

number SMP274, which previously traveled in interstate or foreign commerce.

11

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TEN
### (18 U.S.C. § 924(c))

The Grand Jury further charges that:

32.     On or about May 19, 2017, within the Eastern District of Missouri, the defendant,

### BENJAMIN TETTINGER,

did knowingly possess the following firearms: a Jimenez Arms JA Nine 9mm handgun bearing

serial number 139779, Taurus TCP PT738 .380 handgun bearing serial number 28459F,

Mossberg .22 rifle bearing serial number ELI3499331, in furtherance of a drug trafficking crime

for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and

possess with intent to distribute marijuana, a Schedule I controlled substance, and cocaine, a

Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)

and 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT ELEVEN
### (18 U.S.C. § 922(g)(1))

The Grand Jury further charges that:

33.     On or about May 19, 2017, in the Eastern District of Missouri, the defendant

### BENJAMIN TETTINGER,

having been previously convicted of a felony crime punishable by a term of imprisonment

exceeding one year under the laws of the State of Missouri and the United States of America, did

knowingly possess a firearm, that is a Jimenez Arms JA Nine 9mm handgun bearing serial

number 139779, Taurus TCP PT738 .380 handgun bearing serial number 28459F, Mossberg .22

rifle bearing serial number ELI3499331, which previously traveled in interstate or foreign

commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE
### (18 U.S.C. § 924(c))

The Grand Jury further charges that:

34.     On or about October 2, 2017, within the Eastern District of Missouri, the defendant,

### WILLIAM PEARSON, a/k/a "BB"

did knowingly possess the following firearms: a Glock 23C .40 caliber pistol bearing serial

number AAHL001 and a Romarm/Cugir 7.62 x 39mm pistol Model: Micro bearing serial number

PMD-02174-14 RO, in furtherance of a drug trafficking crime for which he may be prosecuted in a

court of the United States, that is, conspiracy to distribute and possess with intent to distribute

marijuana, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1) and 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THIRTEEN
### (18 U.S.C. § 924(c))

The Grand Jury charges that:

35.     On or about November 28, 2017, in the Eastern District of Missouri and the

Northern District of California, the defendant,

### NICHOLAS MITCHELL,

did knowingly possess the following firearms: Anderson AM-15 Assault Rifle bearing serial

number 14051466; a DPMS A-15 Assault Rifle bearing serial number DM31843K; a SA-15

Assault Rifle bearing serial number JT013651; a Spikes Tactical Assault Rifle bearing serial

number 061130; a Spikes Tactical Assault Rifle bearing serial number SCR-034846; and a Sig

13

Sauer Semi-Auto Pistol bearing serial number 58A011960, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FOURTEEN
### (18 U.S.C. § 924(c))

The Grand Jury charges that:

36.    On or about November 28, 2017, in the Eastern District of Missouri and the Northern District of California, the defendant,

**DONALD BAMBENEK,**

did knowingly possess the following firearm: a Sig Sauer .9mm pistol bearing serial number 58B126561 in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846.

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FIFTEEN
### (18 U.S.C. § 1952)

The Grand Jury further charges that:

37.    On or about December 18, 2017, in the Eastern District of Missouri, the District of Nevada, and elsewhere, the defendant

**MARK CARTER,**

did knowingly and intentionally travel in interstate commerce between the State of Missouri and

the State of Nevada in route to the State of California with the intent to:

      a) distribute the proceeds of an unlawful activity, that is the distribution of controlled

substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and

      b) promote, manage, establish, and carry on, and to facilitate the promotion, management,

establishment and carrying on of an unlawful activity, that is the distribution of controlled

substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and

money laundering in violation of Title 18, United States Code, Section 1956,

and thereafter did perform and attempted to perform acts to distribute the proceeds of such

unlawful activity and promote, manage, establish, and carry on, and to facilitate the promotion,

management, establishment, and carrying on of said unlawful activity.

      All in violation of Title 18, United States Code, Sections 1952(a)(1) and 1952(a)(3), and

Title 18, United States Code, Section 2.

**COUNT SIXTEEN**
**(18 U.S.C. § 1952)**

      The Grand Jury further charges that:

      38.     On or about May 30, 2017, in the Eastern District of Missouri and elsewhere, the

defendant

**DONALD BAMBANEK,**

did knowingly and intentionally travel in interstate commerce between the State of California and

the State of Missouri with the intent to:

      a) distribute the proceeds of an unlawful activity, that is the distribution of controlled

substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and

      b) promote, manage, establish, and carry on, and to facilitate the promotion, management,

15

establishment and carrying on of an unlawful activity, that is the distribution of controlled

substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and

money laundering in violation of Title 18, United States Code, Section 1956,

and thereafter did perform and attempted to perform acts to distribute the proceeds of such

unlawful activity and promote, manage, establish, and carry on, and to facilitate the promotion,

management, establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1) and 1952(a)(3), and

Title 18, United States Code, Section 2.

## COUNT SEVENTEEN
### (18 U.S.C. § 1956)

The Grand Jury further charges that:

39.     Beginning at a time unknown, but including February 2013 and continuing

thereafter to the date of this Indictment, the Eastern District of Missouri, the Northern District of

California, and elsewhere, the defendant

### CHANCELLOR WILEY

did knowingly combine, conspire, and agree with MICHAEL RICHARDSON, and with other

persons known and unknown to the Grand Jury to commit offenses against the United States, to

wit:

a.) to knowingly conduct and attempt to conduct financial transactions affecting interstate

or foreign commerce with the intent to promote the carrying on of the specified unlawful

activity; and

b.) to knowingly conduct and attempt to conduct financial transactions affecting interstate

or foreign commerce with the transactions designed in whole or in part to conceal and

disguise the nature, location, source, ownership, and control of the proceeds of specified

unlawful activity;

and that while conducting and attempting to conduct such financial transactions, the defendants

knew that the property involved in the financial transactions represented the proceeds of some

form of unlawful activity, that is wire fraud in violation of Title 18, United States Code, Section

1343 and the distribution of controlled substances to include marijuana, a Schedule I controlled

substance, and cocaine, a Schedule II controlled substance, in violation of Title 21, United States

Code, Sections 841 and 846, in violation of Title 18, United States Code, Sections

1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

All in violation of in violation of Title 18, United States Code, Section 1956(h).

## COUNT EIGHTEEN
### (18 U.S.C. § 641)

The Grand Jury further charges that:

40.     From on or about January 23, 2012 until on or about July 30, 2016, in the Eastern

District of Missouri, the defendant

## KELLEY PEARSON

willfully and knowingly, as part of a single course of conduct and scheme, did embezzle, steal,

purloin and convert to her use money belonging to the Department of Housing and Urban

Development, a department or agency of the United States, with an aggregate value of $1,000.00

or more, to wit, she obtained Section 8 housing assistance benefits with an aggregate value of

approximately $36,497.00 that she was not entitled to receive because she had access to sufficient

income that would have disqualified her from receiving benefits.

All in violation of 18 U.S.C. § 641.

17

## **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 21, United States Code Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as set forth in Counts One and Two, the defendants listed shall forfeit to the United States of America any property, real and personal, constituting or derived from any proceeds obtained directly or indirectly as a result of said offenses, and any property used, or intended to be used, in any manner or part to commit or facilitate the commission of said offenses.

2.      Pursuant to Title 18, United States Code, Sections 982(a), upon conviction of an offense in violation of Title 18, United States Code, Sections 1956 or 1957, as set forth in Counts Three through Seven and Seventeen, the defendants listed shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

3.      Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 922(g)(1) or 924(c) as set forth in Counts Eight through Fourteen, the defendants listed shall forfeit to the United States of America any firearm or ammunition involved in or used in those offenses.

4.      Pursuant to Title 18, United States Code, Sections 924 and 981(a)(1)(C), and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1952 as set forth in Counts Fifteen and Sixteen, the defendants listed shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations, and any firearm or ammunition involved

18

in or used in the offense.

     5.     Subject to forfeiture is a sum of money equal the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offenses charged in Counts One through Seven, and Fifteen through Seventeen.

     6.     Specific property subject to forfeiture includes, but is not limited to, the following:

a.     Real Property Known as 1380 Kimtu Road, Garberville, CA 95542;

b.     Real Property Known as 221 Fairway Drive, Garberville, CA 95542;

c.     Real Property Known as 479 Kendall Court, Fortuna, CA 95540;

d.     Spikes Tactical Rifle, SN: 069153;

e.     Zastava Serbia Rifle, SN: M92PV056670;

f.     Taurus Millennium Pistol, SN: THY77217;

g.     Glock Pistol, SN: ABYS041;

h.     Taurus Revolver, SN: GS28281;

i.     Sig Sauer Pistol, SN: 54B078875;

j.     Glock 20 Pistol, DCR432US;

k.     Glock 23C Pistol, SN: AAHL001;

l.     Anderson AM-15 Assault Rifle, SN: 14051466;

m.     DPMS A-15 Assault Rifle, SN: DM31843K;

n.     SA-15 Assault Rifle, SN: JT013651;

o.     Spikes Tactical Assault Rifle, SN: 061130;

p.     Spikes Tactical Assault Rifle, SN: SCR-034846;

q.     Sig Sauer Semi-Auto Pistol, SN: 58A011960;

r.     Silver Suppressor,

s.     Romarm/Cugir Micro 7.62 x 39 mm Pistol, SN: PMD-02174-14 RO;

t.     Lorcin .22 caliber handgun SN: 088524,

u.     Ruger SR40C .40 caliber handgun SN: 34528727;

v.     Glock 23 .40 caliber handgun SN: SMP274;

w.     Jimenez Arms JA Nine 9mm handgun SN: 139779;

x.     Taurus TCP PT738 .380 handgun SN: 28459F;

y.      Mossberg .22 rifle SN: ELI3499331

z.      approximately $26,600.00 seized on or about May 30, 2017;

aa.     approximately $754,294 seized on or about December 18, 2017;

bb.     approximately $1,157.20 U.S. currency seized on or about October 2, 2017;

cc.     approximately $99,990.00 U.S. currency seized on or about April 25, 2017;

dd.     approximately $2,004.00 US currency seized on or about May 19, 2017;

ee.     approximately $53,296.00 U.S. currency seized on or about November 28, 2017

ff.     $37,755.15 Funds from U.S. Bank, Savings Acct. #252306215333;

gg.     $35,222.43 Funds from U.S. Bank, Checking Acct. #152306725051;

hh.     $69,592.55 funds from Coast Central Credit Union, Acct. #211901;

ii.     $37,738.37 representing proceeds from sale of 3965 Woodcrest Drive, Florissant, MO;

jj.     2015 Ford F-150 Truck, VIN: 1FTEW1EG4FFC77465;

kk.     2010 Jeep Wrangler, VIN: 1J4BA5H12Al103607;

ll.     2016 Toyota Tundra TRD, VIN: 5TFAY5F18GX577760;

mm.     2013 Chevrolet Silverado Truck, VIN: 1GC1KYE82DF163344;

nn.     2010 Audi Q5 SUV, VIN #WA1LKAFP2AA086872;

oo.     Assorted ammunition;

pp.     Assorted Jewelry, more particularly described as:

1.  10kt. white gold bracelet with approximately 293 round brilliant cut diamonds,

2.  14kt. white gold wheat link necklace & diamond cross pend with approximately 397 invisible princess cut diamonds,

3.  Rolex Oyster perpetual DateJust wristwatch,

4.  Gold tone Michael Kors wristwatch,

5.  Automatic Michael Kors wristwatch, exhibition dial and back SS bracelet, and

6.  Michael Kors chronograph wristwatch, Black dial with 3 rose tone accented sub-dials.

qq.     Glock 42, .380, s/n ABLF111

20

rr.   Real Property Known as 11316 Bellefontaine Road, St. Louis, MO 63138

ss.   Real Property Known as 3923 Degnan Blvd., Los Angeles, CA 90018

tt.   Real Property Known as 7250 Hazelcrest Dr. #A, Hazelwood, MO 63042

uu.   Real Property Known as 9226 Astoria Dr, Bellefontaine Neighbors, MO 63137

vv.   Real Property Known as 10528 Druid, Bellefontaine Neighbors, MO 63137

ww.   Real Property Known as 1434 Reale Ave., St. Louis, MO 63138

xx.   Real Property Known as 819 Bella Lane, Bellefontaine Neighbors, MO 63137

yy.   Real Property Known as 902 Drummond Drive, Ferguson, MO 63135

zz.   Real Property Known as 17345 Roselawn, Detroit, MI 48221

aaa.   Real Property Known as 24 W. 98th, Los Angeles, CA 90044

bbb.   Real Property Known as 603 Northwood, Los Angeles, CA 90220

ccc.   Real Property Known as 1005 Gladfield, St. Louis, MO 63138

ddd.   Real Property Known as 14216 Langham, Westfield, IN 46074

eee.   Real Property Known as 11992 Jerries Lane, St. Louis, MO 63136

fff.   Real Property Known as 9242 Halls Ferry Road, St. Louis, MO 63136

ggg.   Real Property Known as 9422 Altonwood, St. Louis, MO 63136

hhh.   Real Property Known as 7345 Hawthorne Ave, University City, MO 63130

iii.   Real Property Known as 2424 Petrova Ave., St. Louis, MO 63136

jjj.   Real Property Known as 29 Chaminade Dr., Creve Coeur, MO 63141

7.   If any of the property described above, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without

difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.


_____

FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
Stephen Casey #58879MO
Assistant United States Attorney

22